**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.B.-1 and Z.B.-2**

**No. 22-0485** (Kanawha County 21-JA-270 and 21-JA-571)

**MEMORANDUM DECISION**

Petitioner Mother J.J.[1] appeals the Circuit Court of Kanawha County's June 1, 2022, order terminating her parental rights to Z.B.-1 and Z.B.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May of 2021, the DHHR filed a petition alleging that petitioner abandoned Z.B.-1 by moving to Georgia without setting up a guardianship or solidifying arrangements for the child's care. During the adjudicatory hearing in August of 2021, the DHHR introduced testimony concerning petitioner's abandonment. The court also considered in-camera testimony from Z.B.-1. Ultimately, the court found that petitioner abandoned Z.B.-1 by relocating and leaving the child without a legal guardian, any means of support, stable housing, or a plan for meeting his medical and educational needs. Resultantly, the court adjudicated petitioner as an abusing and neglecting parent as to Z.B.-1 and ordered the DHHR to investigate his infant sibling, Z.B.-2.

Petitioner submitted to a psychological evaluation, which indicated that her parenting deficiencies could not be cured given her continued failure to acknowledge abandoning Z.B.-1, among other issues. Specifically, petitioner adamantly denied abandoning Z.B.-1 despite admitting that she left the child without any care and made no attempt to locate Z.B.-1 until her return to West Virginia four months later, when her only attempt to find the child was a single

---

[1]Petitioner appears by counsel Jason S. Lord. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Sharon K. Childers appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children share the same initials, we will refer to them as Z.B.-1 and Z.B.-2, respectively.

social media post describing the child as missing. Further, the evaluator diagnosed petitioner with cannabis use disorder after petitioner admitted to using cannabis throughout her pregnancy with Z.B.-2 and while caring for the children.

Thereafter, the DHHR filed two amended petitions that included allegations regarding Z.B.-2 and additional disclosures from Z.B.-1. Specifically, the DHHR alleged that petitioner physically abused the children, exposed them to domestic violence within the home, and abused drugs. In light of these new allegations, the court conducted a second in-camera interview of Z.B.-1.

The court conducted an adjudicatory hearing on the second amended petition in February of 2022 at which the DHHR introduced testimony supportive of the new allegations. The court also considered Z.B.-1's recent in-camera interview and petitioner's testimony. Ultimately, the court found by clear and convincing evidence that petitioner engaged in domestic violence in front of the children and noted its prior adjudication of petitioner for abandoning Z.B.-1. Accordingly, the court adjudicated petitioner as an abusing and neglectful parent as to Z.B.-2.

At the dispositional hearing in May of 2022, petitioner moved for an improvement period. The court denied the motion, finding that petitioner did not qualify for an improvement period as she failed to provide any evidence indicative of her likelihood to fully participate. In support of the denial, the court noted that petitioner chose not to participate in these proceedings for five months—and, even then, only participated after the DHHR took custody of Z.B.-2. Further, petitioner had not accepted responsibility for her delayed participation or for the circumstances giving rise to the abuse and neglect. The court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to Z.B.-1 and Z.B.-2.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for an improvement period. We find no error. As we have previously explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

---

[3]All parents' parental rights have been terminated. The permanency plan for the children is adoption in the current placement.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Even before this Court, petitioner adamantly denies abandoning Z.B.-1. Also, the record similarly reflects that she repeatedly denied exposing the children to domestic violence.[4] Consequently, the circuit court did not err in finding that her lack of meaningful acknowledgement would have rendered any improvement period ineffective as petitioner was not in a position to identify deficiencies in her parenting and correct them. Moreover, to obtain an improvement period under West Virginia Code § 49-4-610, a parent must demonstrate that he or she is likely to fully participate in the improvement period. Here, the court specifically found that petitioner offered no evidence indicating that she was likely to fully participate. As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (confirming that the circuit court has discretion to deny an improvement period when no improvement is likely).

Petitioner next argues that the circuit court erred in terminating her parental rights. Again, petitioner stresses that she should have been granted an opportunity to improve and offered services, yet she fails to address the fact that she squandered her opportunity to participate in services by willfully refusing to participate in the proceedings entirely for the first five months they were pending. Critically, the DHHR was under no obligation to provide remedial services because of petitioner's abandonment. W. Va. Code § 49-4-604(c)(7)(A) ("[T]he department is not required to make reasonable efforts to preserve the family if the court determines: . . . The parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to, abandonment."). Further, petitioner ignores the fact that her refusal to acknowledge the circumstances of abuse and neglect is conclusive evidence of her inability to correct the conditions of abuse and neglect in the near future. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

---

[4]Importantly, petitioner's assignment of error does not challenge her adjudication as an abusing and neglecting parent but, instead, focuses solely on denial of an improvement period and termination. However, petitioner does mention, in passing, that she believes her adjudication was erroneous, which serves as the basis for her continued denials of any abusive or neglectful conduct. Under Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure, a brief must contain "a list of the assignments of error that are presented for review . . . ." Having failed to include any specific argument regarding her adjudication, any arguments regarding such will not be addressed on appeal.

**ISSUED**: February 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn